PERRY, J.,
specially concurring.
I agree with the majority that, because the circuit court has subject matter jurisdiction to adjudicate as-applied challenges to the validity of the 2012 legislative apportionment plan, the Legislature has failed to demonstrate its entitlement to either a writ of prohibition or all writs relief. I write separately, however, to make explicit what the majority leaves implicit — that as-applied challenges in the circuit courts are not only permissible, but in many ways necessary.
The Legislature’s contrary position that judicial review of its compliance with article III, section 21, is restricted to the time-sensitive, facial challenges in this Court is untenable. Such a position not only misreads article III, section 16, as the majority explains, but also would do violence to the right to access courts guaranteed by article I, section 21, of the Florida Constitution.
First, as the majority explains, our apportionment precedents have recognized the limits on this Court’s ability to review *214 apportionment challenges as applied to particular cases. We are not a fact-finding body, and the limited, thirty-day period that article III, section 16, mandates scarcely allows meaningful fact-based review. Our duty under article III, section 16, is to determine the facial validity of the Legislature’s apportionment scheme; nothing more, nothing less. The circuit courts, however, have a very different, yet important role. As trial courts, they assist in developing the contested facts of particular cases, thereby advancing the truth-seeking function of a trial. Article III, section 16, does nothing to divest the circuit courts of these important functions. In addition, and perhaps more problematic, the Legislature’s position, if adopted, would infringe on the right to access courts guaranteed by article I, section 21, of the Florida Constitution.
In 2002, this Court explicitly “left open the opportunity for parties to raise as-applied challenges alleging ‘a race-based equal protection claim, a Section 2 [of the Voting Rights Act] claim or a political gerrymandering claim in a court of competent jurisdiction.’ ” Florida Senate v. Forman, 826 So.2d 279, 280 (Fla.2002) (quoting In re Constitutionality of House Joint Resolution 1987, 817 So.2d 819, 882 (Fla.2002)). And, as the majority notes, neither party disputes that as-applied challenges arising under federal law are available in the circuit courts. The Legislature would draw the line, however, at claims alleging a violation of article III, section 21, of the Florida Constitution, because such a line, the Legislature argues, is necessary for finality and stability in the apportionment process. The problem with that argument, however, is that it overlooks an important right guaranteed by our own constitution — the right to access courts. See Art. I, § 21, Fla. Const.
Article I, section 21, of the Florida Constitution provides: “The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay.” As a general matter, the law undertakes to protect access to courts because the right to sue and defend is preservative of all other rights, and lies at the foundation of orderly government. See Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148, 28 S.Ct. 84, 52 L.Ed. 143 (1907). That the Florida Constitution specifically enumerates this right, moreover, makes it particularly deserving of protection. See Mitchell v. Moore, 786 So.2d 521, 527 (Fla.2001) (applying strict scrutiny).
With these observations, I join in the majority’s opinion.